**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MICHAEL WEBB,** § <br> **(BOP No. 58831-177),** § <br> § <br> Plaintiff, § <br> v. § <br> § <br> **FORT WORTH** § <br> **POLICE DEPARTMENT,** § <br> § <br> Defendant. § | | Civil Action No. 4:21-CV-096-P |

**OPINION and ORDER OF DISMISSAL
UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)**

The case is before the Court for review of pro-se-inmate/plaintiff Michael Webb's ("Webb") pleadings under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Webb against the only named defendant must be dismissed under authority of these provisions.

**BACKGROUND**

Plaintiff Webb initiated this case with the filing of a civil-rights complaint form. Compl., ECF No. 1. After review of the complaint, the Court ordered Webb to provide answers to the Court's questions about his claims through the filing of a more definite statement, and Webb then filed a more definite statement ("MDS"). ECF Nos. 8, 10. Thus, Webb's complaint and the MDS are the operative pleadings subject to this Court's review under §§ 1915A and 1915(e)(2)(B).

In the complaint, Webb complains that his civil rights were violated during the course of his arrest. Compl. 6, ECF No. 1. Specifically, Webb writes the following statement of

claim:

> On May 18, 2019 at about 1 am at Woodspring Suites in Forest Hill TX, the Fort Worth Police Department conducted a raid on my motel room. When I opened the door I was pulled from my room, slammed to the floor, placed in handcuffs behind my back and beaten in my head repeatedly by a Fort Worth Police Officer. I was also threatened to be shot and killed and my family harmed.

Compl. 6-7 ECF No. 1. Plaintiff seeks "two million dollars because [his] civil rights were violated." *Id*. In response to this Court's questions, Webb first alleged that Fort Worth police officers used excessive force against him because they assaulted him, even after he was handcuffed, and thus "once I was in handcuffs behind my back there was no reason to beat me in my head repeatedly." MDS 1, ECF No. 10.

In the Court's order for an MDS, it expressly noted that Webb had named only the "Fort Worth Police Department," and directed him to either state facts that show the police department has its own jural existence, or state whether he sought to have the Court consider his claims against the Fort Worth Police Department against any other entity. Order for MDS, 4-5, ECF No. 10 (citing *Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (holding a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence) and *Parker v. Fort Worth Police Department*, 980 F.2d 1023, 1025-26 (5th Cir. 1993) (reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff leave to amend to name the City of Fort Worth itself)  But in response to the Court's inquiry and directive, Webb wrote "It violated my constitutional rights

and violated 28 U.S.C. § 1915A and 1915(e)(2)(B) referring to the Fort Worth police department." MDS 1, ECF No. 10. Furthermore, in response to separate questions regarding whether he did seek to assert his claims against any other government entity defendant, and whether any other government entity took action under a custom or policy related to his claims, Webb declined. MDS 1, ECF No. 10. Instead, Webb wrote "[t]he Fort Worth police department is the only agency I'm filing suit against," and "Yes, I wish the Court to consider claims against the Fort Worth Police Department." *Id*. Furthermore, in response to another question, Webb wrote "I do not intend claims against any other government entity except for the Fort Worth Police Department." *Id.* Lastly, to the Court's question as to whether he sought to add any other defendant to this case, Webb wrote "No, I do not wish to add any other defendants to this case." *Id.* at 2.

**LEGAL STANDARD OF REVIEW UNDER 28 U.S.C. §§ 1915A and 1915(e) (2)(B)**

Plaintiff Webb is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a). Because Webb is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both §1915(e)(2) and §1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

**ANALYSIS**

As noted above, plaintiff Webb named as the only defendant the Fort Worth Police Department. But Webb has not shown that the Fort Worth Police Department has its own jural existence and is itself subject to suit. As noted, in the Court's order for an MDS, it expressly noted that Webb could only sue a government entity that had jural existence and noted Fifth Circuit case law regarding jural existence. Order for MDS 5, ECF No. 8 (citing *Darby*, 939 F.2d at 313-14 (holding a plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence) and *Parker*, 980 F.2d at 1025-26 (reversing and remanding dismissal of claims against Fort Worth police department, with instruction to allow Plaintiff

leave to amend to name the City of Fort Worth itself)

In spite of the Court's order informing Webb of the law on jural existence and the express directive for him to either address whether the Fort Worth Police Department had its own jural existence or to name another government entity and set forth facts of how that government entity was responsible, Webb merely again named the Fort Worth Police Department. Moreover, in response to three other questions, Webb repeatedly insisted that he sought relief only against the Fort Worth Police Department and that he did not wish to name any other defendant.

But "[f]ederal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, Civ. A. No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). More particularly, federal courts in Texas have uniformly found that police departments do not have jural existence. *See Brodzki v. N. Richland Hills Police Dep't*, No. 3:10-CV-539-P(BH), 2010 WL 1685799, at *1 (N.D. Tex. Mar. 31, 2010) ("[A] police department is not a jural entity that can be sued[.]"), *rep. and rec. adopted*, 2010 WL 1685798 (N.D. Tex. Apr, 19, 2010); *see also Harris v. Longview Police Dep't*, No. 6:19-CV-13, 2019 WL 1907466, at *2 (E.D. Tex. Mar. 26, 2019) ("The Longview Police Department, however, has no jural existence and cannot be sued[.]"), *rep. and rec. adopted*, 2019 WL 1900496 (E.D. Tex. Apr. 26, 2019). Because Webb has failed to show that the Fort Worth Police Department is a separate legal entity with the capacity to be sued, all of his claims against the Fort Worth Police Department, the only defendant, must be dismissed. *See Dotson v. Ricks,* No. 4:16-CV-674-Y, 2018 WL 3046250, at *3 (N.D.

Tex. Jun. 20, 2018) (dismissing plaintiff's claims against the Fort Worth Police Department where he failed to state facts showing the department had jural existence and expressly declined the Court's inquiry as to whether he sought to name any other government entity as a defendant); *see generally Baker v. Navarro Cnty. Jail System*, Civ. A. No. 3:09-CV-1004-L, 2009 WL 3295136 at *2 (N.D. Tex. Oct. 9, 2009) (granting Rule 12(b)(6) motion where plaintiff failed to allege that County granted the department jail system jural authority).

## CONCLUSION

It is therefore **ORDERED** that all plaintiff Michael Webb's claims for relief in this action against the only named defendant Fort Worth Police Department are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**SO ORDERED** this **1st day** of **June, 2021**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE